## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**JAMES KELLEY**                                                          **PLAINTIFF**

**V.**                                **5:10CV00288 JMM**

**JIM WHITE, Individually and**
**in his Official Capacity as**
**Chief of Police of the City of**
**McGehee, Arkansas**                                                    **DEFENDANT**

### <u>ORDER</u>

Pending is the Defendant's Motion for Summary Judgment.  The Plaintiff has responded and the Defendant has replied.  For the reasons set forth below, the Motion for Summary Judgment is granted.

I.      <u>Facts</u>

Plaintiff was employed by the City of McGehee, Arkansas, as a police officer from August 7, 2006 until October 6, 2009.  Defendant Jim White was at all relevant times the Chief of Police for the City of McGehee.

On September 28, 2009, Jessyca Yother, an 18-year old radio dispatcher for the McGehee police department, filed a formal statement with the Defendant alleging that the Plaintiff told her while at work that if he were twenty years younger he would have sex with her.  Ms. Yother alleged that on another occasion Plaintiff placed his hand on her shoulder and stated, "What's up, sexy."  She also stated that she felt uncomfortable with the Plaintiff and that he hung around the radio room for extended periods of time.

As a result of the statement filed with the McGehee Police Department by Yother, Plaintiff was placed on administrative leave with pay pending the outcome of an internal

investigation.  While on administrative leave, Plaintiff sent a response to the Defendant which

stated:

> On Thursday the 24th of Sept. I was at the P.D helping Officer Curtis with an accident report.  And when we finish [sic] we went outside and I talked to some of the Officers on duty.  They left and I went inside and myself and Miss Yother was talking about her boyfriend Robbie.  And I told her what I had said to someone else that I don't blame Robbie for dating her if I was 27 yrs younger I [would] hit on her to [sic].  As to [say] if I was 20 I would ask her out to [sic].  But early that night I came in and she was slumped over the desk and I was going to check my box and I touched her on her shoulder and said How are u doing and she scooted over and looked and she said ok and I seen she was reading a book.  The next night, Friday night I came in and walked up to my box and pocked [sic] her in the arm and said whats up missy and she looked up from reading the paper and said doing fine and started talking about buying a dog and couldn't find one for under $300.00.  The next night Saturday night I came in and went to the cabinet over by the T.V. and got a case # form a book that had been turnd [sic] in and said Hi How is everything today and she said ok.  Then I put the # on NBIS and turned it in and asked if she went 4 wheeler riding today and she said no they didn't go.  So at this time I left.

(Def.'s Ex.H).

The Defendant interpreted the response from Plaintiff to be an admission of the

allegations made by Yother.  Plaintiff was terminated from his employment on October 6, 2009

for "inappropriate comments" to a "co-worker."  (Def.'s Ex. I).

Plaintiff contends that his termination was in retaliation for his comment to the Defendant

that he believed the police officers for the City of McGehee were racially profiling African-

Americans within the city limits.  Specifically, Plaintiff claims he made this comment to the

Defendant after two McGehee police officers were accused of abusing an African-American

named Lawrence Crift, taking him to the hospital, and ordering the emergency room staff to

catheterize Crift in order to get a urine sample for drug testing.

Plaintiff further alleges that he was terminated based upon his age and makes reference to

two state law claims: defamation and a violation of the Arkansas Civil Rights Act.

2

II.     **Standard for Summary Judgment**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the

3

outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

### III.     Analysis of the Law

The Court must first determine whether the Plaintiff has made a viable federal claim. After reading the Complaint many times, the Court finds that Plaintiff has made federal claims under 42 U.S.C. § 1983 and the Equal Protection Clause.  It is unclear whether Plaintiff attempts make a defamation claim under § 1983.  Regardless, it has long been held in this Circuit that "claims for defamation and slander are not cognizable under § 1983." *Miner v. Brackney*  719 F.2d 954, 955 (8th Cir. 1983) (citing *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975); *Morey v. Independent School District*, 429 F.2d 428 (8th Cir. 1970); *Heller v. Roberts*, 386 F.2d 832 (2d Cir.1967)).

#### A.     Age Discrimination

It is difficult to discern from the Complaint which federal Constitutional rights the Plaintiff alleges were violated by the Defendant.  He refers to Section 1983.  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

In Count II, Plaintiff refers to age discrimination.  However, Plaintiff does not include any allegation that the Defendant violated the Age Discrimination in Employment Act.[1]   The

---

[1]  The Court further notes that the "timely filing of an EEOC charge is a requirement for bringing a Title VII or ADEA suit in federal court. . . ."  *Hutson v. Wells Dairy, Inc*.  578 F.3d 823, 826 (8th Cir. 2009) (citing *Zipes v. Trans World Airlines, Inc*., 455 U.S. 385, 393, 102 S.Ct.

Eighth Circuit Court of Appeals has not specifically found that the ADEA is the exclusive federal remedy for age discrimination, however district courts in the circuit have found the ADEA to be the exclusive remedy.  *See Hamilton v. City of Springdale, Ark*. 2011 WL 2560258, 13 (W.D. Ark. 2011);  *Dudley v. Lake Ozark Fire Protection Dist*., 2010 WL 1992188, 8 (W.D. Mo. 2010).

In *Hamilton*, the district court cited opinions from three other circuit courts of appeals which hold that the ADEA is the exclusive remedy for age discrimination.  The court stated, "There is one case in the Eighth Circuit to the contrary, *Mummelthie v. City of Mason City, Iowa*, 873 F.Supp. 1293 (N.D. Iowa 1995), aff'd, 78 F.3d 589 (8th Cir.1996), but the Court declines to follow it.  The analysis of the District Court has not been adopted by any other court, and the Eighth Circuit's affirmance was based not on that analysis, but on the fact that *Mummelthie* presented no evidence of age discrimination."  *Hamilton*, 2011 WL 2560258 at *13.  The district court in *Dudley* stated, "Courts considering § 1983 claims based on conduct constituting an alleged ADEA violation have found the claims preempted by the comprehensive statutory scheme for addressing alleged age discrimination provided by the ADEA."  *Dudley v. Lake Ozark Fire Protection Dist*., 2010 WL 1992188, 8 (W.D. Mo. 2010) (citing *Ahlmeyer v. Nevada Sys. of Higher Ed.*, 555 F.3d 1051, 1056 (9th Cir. 2009) ("No circuit to consider the issue of whether the ADEA precludes § 1983 claims has ... allowed a § 1983 claim based on the same conduct to go forward."). After careful consideration of the law and the pleadings in this case, the Court is persuaded by the cases that have found the ADEA to be the exclusive remedy for

---

1127, 71 L.Ed.2d 234 (1982); Dring v. McDonnell Douglas, Corp., 58 F.3d 1323, 1327 (8th Cir. 1995)).

age discrimination.  Therefore, to the extent the Plaintiff is making an age discrimination claim, it is dismissed.

B.      **Retaliation**

Plaintiff claims in his Complaint that he had a "clearly established right to equal protection of laws, as well as right to oppose racial discrimination in law enforcement. Defendant violated this right by terminating Plaintiff in retaliation for opposing race discrimination."  (Complaint at p. 2).  Although not clearly written, it appears that the Plaintiff is alleging that his right to Equal Protection was violated when he was terminated in retaliation for opposing race discrimination.[2]

"In general, the Equal Protection Clause requires that state actors treat similarly situated people alike. State actors may, however, treat dissimilarly situated people dissimilarly without running afoul of the protections afforded by the clause."  *Bogren v. Minnesota,* 236 F.3d 399, 408 (8th Cir. 2000) (citing *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir.1994), cert. denied, 513 U.S. 1185, 115 S.Ct. 1177, 130 L.Ed.2d 1130 (1995).  Plaintiff has failed to point out any similarly situated employee of the Defendant who was treated differently than the Plaintiff.  He makes the statement in Count II of his Complaint that  younger officers who catheterized a citizen without the citizen's consent were not fired while Plaintiff was fired

---

[2]  The only reference to the United States Constitution in the Complaint is to the Equal Protection Clause.  The only federal statute explicitly referenced in the Complaint is 42 U.S.C. § 1983.  The Defendant in his Brief defends against a possible claim made pursuant to the First Amendment.  However, because there is no reference to the First Amendment in the Complaint or in the Plaintiff's two-page Response to the Motion for Summary Judgment the Court will not address such a claim.  Moreover, Plaintiff did not seek leave to amend his Complaint to add a First Amendment claim after the Motion for Summary Judgment was filed.

for sexual harassment.  (Complaint at p. 3).  These younger officers are not similarly situated to the Plaintiff, however.  They were not accused of sexual harassment.  They did not admit to making statements to a female co-worker.  Further, there is no evidence in the record regarding whether these younger officers were reprimanded for their participation in the incident with Mr. Crift.  Therefore, Plaintiff's claim that the Defendant violated his right to Equal Protection of the laws is dismissed.

**C.    State Law Claims**

The Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claims. *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343 (1988).

**IV.    <u>Conclusion</u>**

Defendant's Motion for Summary Judgment (Docket #10) is GRANTED.  The Clerk is directed to close the case.

IT IS SO ORDERED this 15th day of September, 2011.

James M. Moody
United States District Judge